UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, : <br> United States Department of Labor, | **COMPLAINT** |
| : | |
| Plaintiff, : | Civil Action No. |
| v. : | |
| : | |
| MARTINO PIZZERIA, INC. d/b/a MAMA'S : <br> PIZZA AND RESTAURANT, GAETANO <br> PINELLO, Individually and as Owner, and : <br> GRACE PINELLO, Individually and as Owner, | |
| : | |
| Defendants. : | |

-----------------------------------------------------------  :

## **COMPLAINT**

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that defendants violated Sections 6 and 15(a)(2) of the Act to recover back wages, liquidated damages and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

### **JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this action pursuant to sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

1

2. Venue of this action lies in the United States District Court for the Eastern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendant MARTINO PIZZERIA, INC. d/b/a MAMA'S PIZZA AND RESTAURANT (hereafter "MAMA'S PIZZA" or the "corporate defendant") is a corporation duly organized under the laws of the State of New York that has its office and principal place of business at 922 Montauk Highway, Copiague, NY 11726, where it is engaged in the operation of a full-service restaurant serving pizza, pasta, salads, and entrees.

5. Defendant MAMA'S PIZZA has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d) and is a person within the meaning of section 3(a) of the Act, 29 U.S.C. § 203(a).

6. Defendant GAETANO PINELLO is the President and co-owner of Defendant MAMA'S PIZZA and is in active control and management of the corporate defendant. Upon information and belief, Defendant GAETANO PINELLO has the authority to and does supervise, hire and fire employees of the corporate defendant and set the terms and conditions of their employment. Further, he has regulated the employment of all persons he has employed and

has acted directly and indirectly in the corporate defendant's interests in relation to the employees. He is thus an employer of employees within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

7. Defendant GRACE PINELLO is the Vice-President and co-owner of Defendant MAMA'S PIZZA and is in active control and management of the corporate defendant. Upon information and belief, Defendant GRACE PINELLO has the authority to and does hire and fire employees of the corporate defendant and set the terms and conditions of their employment. Further, she has regulated the employment of all persons she has employed and has acted directly and indirectly in the corporate defendant's interests in relation to the employees. She is thus an employer of employees within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

8. Upon information and belief, Defendants GAETANO PINELLO and GRACE PINELLO are married.

**Defendants Are an Enterprise Engaged in Commerce**

9. The business activities of the Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

10. Defendants have employed and are employing employees listed in Exhibit A in workweeks at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. These goods include but are not limited to food and ingredients. Upon information and belief, the enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 for the relevant time period. Therefore, the employees are employed in an

enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### Defendants' Pay Practices

11. At all relevant times prior to approximately May 2014, Defendants paid their servers, who were tipped employees, a cash wage of $5 per hour.

12. At all relevant times prior to approximately May 2014, Defendants required servers to contribute a portion of their tips based on a percentage of their total gross sales to Defendants.

13. Defendants led their employees to believe that these tips were collected for an ostensible tip pool comprised of busboys, a salad maker, and bartenders.

14. At all relevant times prior to approximately May 2014, Defendants unlawfully retained the tips for their own benefit and did not distribute the tips to other employees.

15. At all relevant times prior to approximately May 2014, busboys, the salad maker, and bartenders were paid a regular hourly rate and did not receive tips.

16. The salad maker is not an employee who customarily and regularly receives tips.

17. Upon information and belief, servers were not informed of the provisions of section 3(m) of the Act, 29 U.S.C. § 203(m), such as that their tips would be used as a credit against the minimum wage as permitted by law.

18. As a result of illegally retaining a portion of their servers' tips, Defendants did not comply with the requirements of section 3(m) of the Act, 29 U.S.C. § 203(m), and therefore Defendants are not eligible to take the tip credit under section 3(m) of the Act and did not pay their servers the applicable statutory minimum rate prescribed in Section 6 of the Act, 29 U.S.C. § 206(a).

## FIRST CAUSE OF ACTION
**Violation of Sections 6(a) and 15(a)(2) of the FLSA, Failure to Pay Minimum Wages**

19. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 18 of the Complaint.

20. As a result of Defendants' practice of paying their servers $5 per hour and retaining a portion of their servers' tips, Defendants have willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying servers employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act.

21. Defendants' requirement that servers contribute a portion of their tips to Defendants means that Defendants have not complied with the requirements of Section 3(m) of the Act.

22. Therefore, Defendants are liable for unlawfully retained tips and unpaid minimum wage compensation owing to their employees under section 6 of the Act and an additional equal amount as liquidated damages pursuant to section 16(c) of the Act, or in the event liquidated damages are not awarded, unlawfully retained tips, minimum wage compensation and prejudgment interest on said unlawfully retained tips and minimum wage compensation under section 17 of the Act.

23. As described herein, Defendants' actions have been willful. For example, Defendants paid their servers less than the applicable minimum wage and required servers to contribute a portion of their tips for an ostensible tip pool, but instead retained the collected portion of the servers' tips for their own benefit and did not distribute them to other employees. Defendants willfully have violated the Act since at least July 2, 2012.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

(1) An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating the provisions of Sections 6 and 15(a)(2) of the Act; and

(2) An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional minimum wage compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wage compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

(4) An order awarding Plaintiff the costs of this action; and

(5) An order granting such other and further relief as the Court may deem necessary or appropriate.

DATED:   July 2, 2015
         New York, New York

                                          Respectfully submitted,

                                          s/ M. Patricia Smith_____
                                          M. PATRICIA SMITH
                                          Solicitor of Labor

                                          s/ Jeffrey S. Rogoff_____
                                          JEFFREY S. ROGOFF
                                          Regional Solicitor


                                          s/ Molly Biklen    _____
                                          MOLLY BIKLEN
                                          Counsel for Wage Hour

                                          U.S. Department of Labor,
                                          *Attorneys for THOMAS E. PEREZ,*
                                            *Secretary of Labor, Plaintiff*

                                          U.S. Department of Labor
                                          Office of the Regional Solicitor
                                          201 Varick Street, Room 983
                                          New York, NY 10014
                                          (646) 264-3646
                                          (646) 264-3660 (fax)
                                          wong.james.r@dol.gov
                                          NY-SOL-ECF@dol.gov

**EXHIBIT A**

Alifano, Joseph
Andrade, Junior
Batista, Anthony
Bruckman, Wilfredo
Cornell, John
Palacios, Manuel
Crossan, Vivian
Da Gama Paes, Roberto
Doherty, Dylan
Emmerich, Danielle
Gugliemo, Donna Marie
Hernandez, Marlon Diaz
Hernandez, Milton J
Hochberg, Jeffrey
Holzapfel, Meagan
Jones, April
Lopez, Miriam
Mackenzie, April
Maldonado, Lisandra
Mariano, Giuseppe
Mollica, Samantha
Murphy, Samantha
Nieves Hoffman, Geralda
Oliva, Anthony
Oliverio, Antonella M
Pehowich, Ann
Pentaleri, Michael
Rackett, Matthew
Riedel, Lynessa
Rodriguez, Natalia
Shaevitz, Daniel
Silverstein, Greg
Snyder, Jaime
Sokolowska, Magdalena
Sokolowska, Stephanie
Straehle, Sharon A
Usenza, Frank
Vaccacio, Christopher